UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER MARIE GLIDDEN,

        Petitioner,                                     Case Number 18-12808

v.                                                             Honorable David M. Lawson

SHAWN BREWER,

        Respondent.
_____/

## OPINION AND ORDER GRANTING MOTION TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

On September 10, 2018, the petitioner, Heather Marie Glidden, presently confined at the Huron Valley Correctional Facility in Ypsilanti, Michigan, filed her *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. On that same date, she also filed a motion to stay and hold the petition in abeyance, so that she might return to state court to exhaust additional claims. The Court now finds that the request for a stay is lawful and should be granted.

I.

The petitioner was convicted of attempted home invasion, second degree, Mich. Comp. Laws § 750.110(a)(3)(A), and conspiracy to commit home invasion, second degree, Mich. Comp. Laws § 750.110(a)(3)(C), following a jury trial in the Macomb County, Michigan circuit court. On August 6, 2015, she was sentenced to concurrent terms of 48 to 90 months in prison on both counts. The Michigan Court of Appeals affirmed the petitioner's conviction, *People v. Glidden*, No. 329086, 2017 WL 1010277 (Mich. Ct. App. Mar. 14, 2017), and on September 12, 2017, the Michigan Supreme Court denied the petitioner's application for leave to appeal, *People v. Glidden*, 501 Mich. 863, 900 N.W.2d 646 (2017).

On September 10, 2018, the petitioner filed her habeas petition in which she raised four claims of error in the criminal proceedings, arguing that her trial counsel was ineffective by: (1) failing to make an opening statement, not questioning any witnesses on cross-examination, and not requesting any jury instructions; (2) failing properly to challenge the admission of the petitioner's statements at trial; (3) failing to move for a directed verdict when the evidence presented was insufficient to sustain the charges; and (4) failing to request that the jury be instructed on a lesser included offense. Those claims all were exhausted in the course of the petitioner's direct appeal. She now seeks to return to the state courts to present five additional claims that: (1) her due process right to a fair trial was violated when the criminal case was allowed to proceed after the prosecutor admitted to the trial court and defense counsel that the State could not meets its burden of proof on the intent element of larceny; (2) her due process rights further were violated when the case improperly was remanded to a lower state court for a repeat of the preliminary examination; (3) the evidence produced at trial was insufficient to sustain the convictions; (4) the trial judge erred by failing to instruct the jury on a lesser included offense; and (5) trial counsel was ineffective by failing to object to the preceding four trial errors. The petitioner has not exhausted her available state court remedies for any of those new claims, because she has not yet presented them to any state court.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present' their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete

round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845, 847. A prisoner "'fairly presents' his claim to the state courts by citing a portion of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) ("Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that her state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the Supreme Court's decision in *Duncan* does not prevent district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id.* at 182-83 (Stevens, J., concurring). The Supreme Court nonetheless has cautioned that a stay is "available only in limited circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner is not "engage[d] in abusive litigation tactics or intentional delay." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

The Sixth Circuit has advised that it is preferable for a district court to dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion where to do otherwise would jeopardize the timeliness of a subsequent petition. *See Griffin v. Rogers*, 308 F.3d 647, 652 & 652 n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (finding it "eminently reasonable" to dismiss unexhausted claims in a habeas petition and stay proceedings on the remaining claims pending exhaustion of state court remedies). The court of appeals reiterated this point in its decision in *Cunningham v. Hudson*, 756 F.3d 486 (6th Cir. 2014):

> "[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics . . . the district court should stay, rather than dismiss, the mixed petition." [*Rhines v. Weber*, 544 U.S.] at 278, 125 S. Ct. 1528. This is because "[i]n such circumstance, . . . the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id.*; *see also Wagner*, 581 F.3d at 419 (considering a mixed habeas petition and "not[ing] that Petitioner's claims, particularly the unexhausted claims, are not 'plainly meritless,'" so "assuming Petitioner can show good cause for failing to present these claims to the state court in the first instance, we see no reason why the district court should not grant a 'stay and abeyance' while Petitioner exhausts in state court, should Petitioner opt against dismissing his unexhausted claims." (citation and footnotes omitted)).

756 F.3d at 486.

The Michigan Court Rules provide a process by which the petitioner may raise her unexhausted claims. The petitioner may file a motion for relief from judgment under Subchapter 6.500 of the Michigan Court Rules, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claim. The petitioner may appeal the trial court's disposition of her motion for relief from judgment to the Michigan Court of Appeals and the Michigan Supreme Court, and she may thereafter file a petition for writ of *certiorari* in the United States Supreme Court. To obtain relief in state court, she will have to show cause for failing to raise her unexhausted claims on

direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, she would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 & 1196 n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160.

The statute of limitations under 28 U.S.C. § 2244(d)(1) should give the petitioner cause for concern. The Michigan Supreme Court denied the petitioner's application for leave to appeal on September 12, 2017. That decision became final on December 11, 2017, when the time during which the petitioner could have filed a petition for a writ of *certiorari* in the United States Supreme Court expired. The one-year limitations period commenced on the following day, December 12, 2017. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of *certiorari* in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). The petitioner filed the present petition on September 10, 2018, just 93 days before the limitations period ran out, and she filed her motion to stay and hold the petition in abeyance on that same date. If the Court were to dismiss the petition without prejudice, then any subsequently filed petition likely would be untimely by the time the state court proceedings on the new claims were concluded and the petitioner returned to this Court to pursue them.

The Court, therefore, will grant the petitioner's request to hold the petition in abeyance while she returns to the state courts to exhaust her additional claims. All of the claims raised in the original petition have been exhausted, but the new claims that the petitioner describes in her motion to stay have not. The petitioner's claims do not appear to be "plainly meritless," *Wagner v. Smith*, 581 F. 3d 410, 419 (6th Cir. 2009), and she may argue that she did not previously raise these claims

in the state courts due to the ineffective assistance of her trial and appellate counsel. *Id.*, at 419, n.4 & 5. It does not appear that the petitioner has engaged in "intentionally dilatory tactics."

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by the petitioner in exhausting her state court remedies, the Court will impose upon the petitioner time limits within which she must pursue post-conviction relief from the state courts. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). The petitioner promptly must initiate any further proceedings in the state courts, within 28 days after the entry of this order, and she must ask this Court to lift the stay within 28 days after exhausting her state court remedies.

III.

Accordingly, it is **ORDERED** that the petitioner's motion to stay the proceedings and hold the petition in abeyance [3] is **GRANTED**.

It is further **ORDERED** that the petitioner promptly must pursue any post-conviction or further appellate proceedings relating to her unexhausted claims, by properly submitting appropriate filings to the state court within twenty-eight (28) days after the date of this order.

It is further **ORDERED** that the petitioner must file an amended petition in this Court within twenty-eight (28) days after the conclusion of the state court proceedings. If the petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within fifty-six (56) days thereafter. If the petitioner returns to federal court with an amended petition, following exhaustion of her state court remedies, she must use the same caption and case number as appears on this order.

It is further **ORDERED** that to avoid administrative difficulties the Clerk of Court shall **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or adjudication of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date:   September 19, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 19, 2018.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI

---